**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JESSIE NICHOLAS JEUNE,

        Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,

        Agency.

DOCKET NUMBER
PH-315H-15-0224-B-1

DATE: March 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nancy Gail Matza, Esquire, Somerville, Massachusetts, for the appellant.

Jonathan Smith, Bedford, Massachusetts, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal with the Board challenging the agency's action terminating her from the position of Supervisory Financial Management Specialist on February 4, 2015, during her probationary period at a Veterans Hospital.  *Jeune v. Department of Veterans Affairs*, MSPB Docket No. PH-315H-15-0224-I-1, Initial Appeal File (IAF), Tab 1.  The administrative judge informed the appellant of the criteria for establishing jurisdiction based on the claims she raised on appeal and ordered her to submit evidence and argument to establish why the appeal should not be dismissed for lack of jurisdiction.  IAF, Tab 2 at 4. After the appellant failed to respond to the order, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 7, Initial Decision (ID).

¶3        In reaching his decision, the administrative judge found that the appellant did not meet the legal definition of an "employee" who would be allowed to appeal her termination as an adverse action.  ID at 4.  The administrative judge also found it undisputed that the agency appointed the appellant to a competitive‑service position, effective February 9, 2014; that her position was subject to a 1-year probationary period; and that the agency terminated her on February 4, 2015, for post-appointment reasons.  ID at 3.  The administrative

judge further found that the appellant did not allege that her termination was based on marital status discrimination or for partisan political reasons, which are the only bases for finding Board jurisdiction over an appeal of a probationer's termination for post-appointment reasons. *Id.*

¶4 The appellant filed a petition for review of the initial decision arguing that the agency ignored her veterans' preference, and that the agency never told her "what level of conduct was unacceptable" during her probationary period. *Jeune v. Department of Veterans Affairs*, MSPB Docket No. PH-315H-15-0224-I-1, Petition for Review (PFR) File, Tab 1 at 12. The appellant also claimed harmful procedural error and alleged whistleblower retaliation and violations under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and the Veterans Employment Opportunities Act of 1998 (VEOA). *Id.* at 4.

¶5 The Board remanded the appeal to the regional office for adjudication of the jurisdictional issues applicable to an individual right of appeal (IRA) appeal and claims under USERRA and VEOA. *Jeune v. Department of Veterans Affairs*, MSPB Docket No. PH-315H-15-0224-I-1, Remand Order, ¶¶ 8-9 (Sept. 11, 2015) (Remand Order). The Board directed the administrative judge on remand to inform the appellant of what she was required to show to establish Board jurisdiction over an IRA appeal and her additional claims under USERRA and VEOA. *Id.*, ¶¶ 8-9. The Board also directed the administrative judge to allow the parties an opportunity to submit evidence and argument on these issues and to adjudicate the merits if jurisdiction was established. *Id.*

¶6 On remand, the administrative judge held a conference call with the parties to explain the jurisdictional burdens. Remand File (RF), Tab 3. The administrative judge also issued an order on September 24, 2015, memorializing the conference call and providing the parties with an opportunity to submit any exceptions or objections. *Id.* Thereafter, on October 27, 2015, the administrative judge ordered the appellant to show cause why her appeal should not be dismissed

for lack of Board jurisdiction. RF, Tab 4. After the appellant failed to respond to the administrative judge's orders, he dismissed the appeal for lack of jurisdiction finding that the appellant failed to prove jurisdiction over her case as an IRA appeal or under USERRA or VEOA. RF, Tab 5, Remand Initial Decision (RID) at 2, 4-6. In reaching his decision, the administrative judge found that the appellant did not allege that she exhausted her administrative remedies before the Office of Special Counsel regarding her whistleblower retaliation allegation, and she did not assert that she first filed a complaint with the Department of Labor regarding a VEOA claim. RID at 4. The administrative judge also found that the appellant failed to allege specifically that the agency discriminated against her because of her military service. RID at 5. In addition, the administrative judge noted that the Board did not disturb his prior findings that the agency terminated the appellant during her probationary period; that she did not allege that her termination was based on marital status discrimination or for partisan political reasons; and that she did not meet the definition of an "employee" entitling her to bring an adverse action appeal. RID at 2.

¶7    The appellant filed a petition for review alleging that the agency miscategorized her as a probationer and that the Board should review her appeal as the termination of a permanent nonprobationary employee. Remand Petition for Review (RPFR), Tab 1, Tab 3 at 4. In support of her petition, the appellant submitted: (1) a job posting that closed on November 1, 2013, advertising her former position; and (2) part of the Standard Form 50 (SF-50) documenting her February 9, 2014 career-conditional appointment, which is part of the record on appeal. RPFR File, Tab 3 at 2-3; IAF, Tab 6 at 8-9. The appellant asserts that this evidence previously was unavailable because the agency did not respond to her subpoena and she "had to review all documents from various resources before [she] could find the information that [she] requested from the VA Medical Center, thus making it difficult to provide them earlier." RPFR File, Tab 3 at 4. The appellant also alleges whistleblower retaliation and race and gender

discrimination. *Id*. The agency responded in opposition to her petition. RPFR File, Tab 4.

¶8 The appellant, who was represented by an attorney in her proceedings before the Board, does not explain her failure to respond to the show cause order on jurisdiction prior to the filing deadline of November 6, 2015, or her failure to request an extension of time to respond. Moreover, the appellant offers no evidence or argument on review showing that the Board has jurisdiction over her allegations as an IRA appeal or under VEOA or USERRA. Although the appellant argues for the first time on review that she was not serving a probationary period when the agency terminated her, this issue is not properly before the Board. RPFR File, Tab 3 at 4. In the remand order, the Board found that the appellant did not dispute that she was terminated during her probationary period for post-appointment reasons or allege that the agency terminated her for partisan political reasons or due to marital status discrimination, and that she did not qualify as an "employee" with appeal rights under chapter 75. RID at 2; Remand Order, ¶ 7. Regardless, with respect to the jurisdictional issue, we find that the evidence submitted by the appellant on review is neither new nor of sufficient weight to warrant an outcome different from that of the remand initial decision.[2] *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). We therefore deny her petition for review.

---

[2] On review, the appellant submitted an incomplete copy of the SF-50 documenting her appointment. RPFR File, Tab 3 at 2. The omitted page is part of the record on appeal and states that her career-conditional appointment to the position of Supervisory Financial Management Specialist was subject to the completion of a 1-year initial probationary/trial period beginning on February 9, 2014. IAF, Tab 6 at 8. The documentary evidence reflects that the agency terminated the appellant, effective February 4, 2015, before the expiration of her probationary period. IAF, Tab 1 at 8. The appellant offered no contrary evidence on review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.